IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Osiel T.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 21 C 6768 |
| v. | ) |
| | ) Magistrate Judge Beth W. Jantz |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Osiel T.'s application for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c). For the reasons that follow, Plaintiff's request to remand the decision of the Commissioner of Social Security [dkt. 1, Compl.; dkt. 13, Pl.'s Br.] is granted, and the Commissioner's Motion for Summary Judgment [dkt. 15, Comm'r's Mot. Summ. J.; dkt. 16, Def.'s Memo.] is denied. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

---

[1] In accordance with Internal Operating Procedure 22, Privacy in Social Security Opinions, the Court refers to Plaintiff by his first name and the first initial of his last name.
[2] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi has been substituted for her predecessor.

**BACKGROUND**

I.     **Procedural History**

On October 21, 2019, Plaintiff filed a claim for DIB, alleging disability since November 21, 2018, due to left arm, neck, back, and disc issues. [R. 165-73, 472]. Plaintiff's claim was denied initially and again upon reconsideration. [R. 57-65, 89-92]. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 9, 2021. [R. 93-4, 32-56]. Plaintiff personally appeared and testified at the hearing and was represented by counsel. [R. 40-8]. Vocational expert ("VE") Mary Everts also testified. [R. 49-55]. On May 5, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. [R. 13-31]. The Social Security Administration Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. [R. 1-3].

II.     **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim in accordance with the Social Security Administration's five-step sequential evaluation process. [R. 20-27]. The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of November 21, 2018. [R. 21]. At step two, the ALJ concluded that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine and degenerative joint disease and adhesive capsulitis of the left shoulder. [R. 21]. The ALJ concluded at step three that these impairments, alone or in combination, did not meet or medically equal one of the Social Security Administration's listings of impairments. [R. 22]. Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work with the following additional limitations: occasional reaching overhead and frequently reaching in all other directions with the left upper extremity; occasionally climbing ladders, ropes, and

scaffolds; frequently climbing ramps and stairs; frequently balancing, stooping, kneeling, and crouching; and, occasionally crawling. [R. 22-25]. At step four, the ALJ concluded that Plaintiff would not be able to perform his past relevant work. [R. 25]. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act. [R. 26-27].

## DISCUSSION

### I. Judicial Review

Under the Social Security Act, a person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine disability within the meaning of the Social Security Act, an ALJ must conduct a five-step inquiry, asking whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the RFC to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(a). "A finding of disability requires an affirmative answer at either step three or step five." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005). "The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner." *Id.*

Because the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner and is reviewable by this Court. 42 U.S.C. § 405(g); *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017). Judicial review of the ALJ's decision is limited to determining whether it adequately discusses the issues and is based upon substantial evidence and the proper legal criteria. *Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotation omitted). "To determine whether substantial evidence exists, the court reviews the record as a whole but does not attempt to substitute its judgment for the ALJ's by reweighing the evidence, resolving material conflicts, or reconsidering facts or the credibility of witnesses." *Beardsley v. Colvin*, 758 F.3d 834, 836-37 (7th Cir. 2014). While this review is deferential, "it is not intended to be a rubber-stamp" on the ALJ's decision. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018). The Court will reverse the ALJ's finding "if it is not supported by substantial evidence or if it is the result of an error of law." *Id.* at 327.

The ALJ has a basic obligation both to develop a full and fair record and to "build an accurate and logical bridge between the evidence and the result [so as] to afford the claimant meaningful judicial review of the administrative findings." *Beardsley*, 758 F.3d at 837; *see also Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022). Although the ALJ is not required to mention every piece of evidence in the record, the ALJ's analysis "must provide some glimpse into the reasoning behind [his] decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001); *accord Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). The ALJ "must explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014) (quoting *Briscoe*, 425 F.3d at

4

351). Thus, even if reasonable minds could differ as to whether the claimant is disabled, courts will affirm a decision if the ALJ's opinion is adequately explained and supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2016).

**II.     Analysis**

In this case, Plaintiff argues, among other challenges, that the ALJ made multiple errors with symptom evaluation, warranting remand. [Dkt. 13 at 1]. The Court agrees with Plaintiff and finds that the ALJ did not adequately support or explain his symptom evaluation. Because this conclusion alone requires remand, the Court does not reach Plaintiff's other arguments including whether the ALJ built an accurate and logical bridge from the evidence to his RFC assessment.

The ALJ's subjective symptom evaluation and findings about the credibility of Plaintiff may only be disturbed if they are "patently wrong," or in other words, if they lack any explanation or support. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019); *James M. H. v. Berryhill*, 18 C 3491, 2019 WL 1790219, at *7 (N.D. Ill. Apr. 24, 2019). So long as the ALJ gave specific reasons supported by the record, his symptom evaluation and credibility determination should not be overturned. *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015); *James M. H.*, 2019 WL 1790218, at *7. In making conclusions about a claimant's symptoms and credibility, the ALJ must "explain [his] decision in such a way that allows us to determine whether [he] reached [his] decision in a rational manner, logically based on [his] specific findings and the evidence on the record." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted).

As to Plaintiff, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms cannot reasonably be accepted as consistent with the medical evidence and other evidence in the record…" [R. 23]. The 7th Circuit has routinely found such language to be "meaningless boilerplate" and "backwards analysis." *James M. H.*, 2019

5

WL 1790218, at *7 (collecting cases). The ALJ's use of boilerplate language does not warrant remand, however, if the ALJ engaged in a substantive analysis of the record. *Id.* (citation omitted). But here, the ALJ failed to provide any substantive analysis and failed to provide specific reasons for discounting Plaintiff's symptoms. Instead, the ALJ only alludes to his reasoning – that Plaintiff's allegations of pain were inconsistent with: 1) objective medical findings; 2) Plaintiff's ability to participate in activities of daily living ("ADLs"); and 3) Plaintiff's failure to participate in treatment.

First, the Court finds that the ALJ failed to properly explain why Plaintiff's allegations of pain were inconsistent with medical findings. The ALJ seemingly discredits Plaintiff's back pain, and notes that Plaintiff "has generally alleged back pain and rated it a '7/10' …though objective findings note only mild lumbar degenerative disc disease and no objective functional deficits." [R. 23]. Further, the ALJ acknowledges Plaintiff's "lumbar tenderness." [R. 24]. But the ALJ does not explain why a person with mild lumbar degenerative disc disease and lumbar tenderness could not have the level of back pain that Plaintiff reported, nor does the ALJ explain why he cites these medical findings and not others. The ALJ also discredits Plaintiff's reports that his pain level in his shoulder increased over time, and states that "[n]othing in the record supports marked worsening that would support this increase in pain…" [R. 24]. Again, the ALJ cites medical findings from the record in this part of the decision but makes no explanation of why he chose to cite the medical findings he did or why he chose not to discuss other medical findings. [R. 23-24]. The ALJ also fails to explain why a "marked worsening" is required for a person to have an increase in pain. By cherry picking certain medical findings, while leaving others out, the Court cannot tell whether the ALJ investigated the "full range of medical evidence," as he was required to do. *See Zurawski*, 245 F.3d at 888. The ALJ does not sufficiently explain his conclusion that

6

Plaintiff's alleged pain is inconsistent with objective medical evidence, and as a result, the Court cannot gather whether he came to this conclusion with sufficient explanation or support. *See Murphy*, 759 F.3d at 816.

The Court can infer that the ALJ believed that Plaintiff began reporting an increase in pain because he filed for disability (rather than because he was actually experiencing pain), but the ALJ does not consider any factors that could have actually led to the reported increase in pain. While the burden at this step rested on Plaintiff, because the ALJ found that the medical record did not support Plaintiff's alleged pain, the ALJ was required to seek information about the severity and impact of the pain. *See Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) ("If the medical record does not corroborate the level of pain reported by the claimant, the ALJ must develop the record and seek information about the severity of the pain and its effects on the applicant."). The ALJ made no attempt to develop the record in this way and did not even ask Plaintiff about why his pain might have increased over time. The Court can only guess how the ALJ came to his conclusion that Plaintiff's alleged pain was inconsistent with objective medical findings, as he failed to explore any reasons why Plaintiff might have experienced an increase in pain.

The Court also finds that the ALJ failed to adequately discuss Plaintiff's ADLs. The ALJ cannot disregard Plaintiff's limitations in performing ADLs. *See Moss*, 555 F.3d at 562. While the ALJ does list off some of Plaintiff's ADLs, the Court has no idea whether and how the ALJ actually considered Plaintiff's limitations. [R. 23]. Specifically, the ALJ did not explain how Plaintiff would be able to perform work tasks when he would not be allowed the flexibility that he alleged he needed (like frequent breaks or help from his wife) in completing his ADLs. [R. 45, 208]. This is important because there are critical differences between ADLs and activities in a job – with ADLs, a person: 1) has more flexibility; 2) can get help from other people; and 3) is not held to a

minimum standard of performance. *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012). The 7th Circuit has called a failure to recognize such differences "deplorable." *Id.* Additionally, if the ALJ was listing Plaintiff's ADLs in part to support his conclusion that Plaintiff's pain was not as severe as alleged, the Court notes that the ADLs listed by the ALJ ("[Plaintiff] reports that he is able to do some housework and take his children and grandchildren to and from school. He reports difficulty with some daily tasks such as dressing and some household chores, but can clean, dust, wash dishes, prepare simple meals, drive, and shop in stores with his wife.") are actually relatively restrictive and would not be the sort that "necessarily undermine" Plaintiff's reports of alleged pain. [R. 23]; *See Zurawski*, 245 F.3d at 887; *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (noting "minimal daily activities…do not establish that a person is capable of engaging in substantial physical activity"); *Beardsley*, 758 F.3d at 840.

Lastly, the ALJ improperly drew a negative inference from Plaintiff's failure to obtain treatment. The ALJ stated that Plaintiff's "lack of treatment for over a year – a gap beginning several months before the COVID-19 pandemic – is inconsistent with the severity of pain he alleges." [R. 24]. It is true that a failure to follow a treatment plan can support a negative credibility finding, but an ALJ "must not draw any inferences about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care." *Moss*, 555 F.3d at 562; *see also Corey Z. v. Saul*, 18 CV 50219, 2019 WL 6327427, at *7 (N.D. Ill. Nov. 26, 2019); *Beardsley*, 758 F.3d at 840. Here, although the ALJ drew a negative inference as to Plaintiff's credibility from his gap in treatment, he neither questioned him about his lack of treatment, nor did he note that Plaintiff had testified that previous treatment had not helped with pain [R. 44-5], which could have been one reason for the treatment gap. [R. 32-56]. The ALJ erred

8

by failing to consider any reason that might explain Plaintiff's lack of treatment. *See Corey*, 2019 WL 6327427, at *7.

## **CONCLUSION**

The ALJ's subjective symptom evaluation and findings about the credibility of Plaintiff are patently wrong, as they lack sufficient explanation and support. The ALJ failed to properly explain why Plaintiff's alleged pain was inconsistent with medical findings, failed to adequately discuss Plaintiff's ADLs and limitations, and improperly drew a negative inference from Plaintiff's treatment failure without inquiring into it. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**

Date: 11/27/23

BETH W. JANTZ
United States Magistrate Judge